UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACOB M. PEREZ,

    Petitioner,

v.

CONNIE HORTON,[1]

    Respondent,
_____/

Case No. 16-cv-11234

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS [1] AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

**I.    Introduction**

Jacob M. Perez ("Petitioner") is incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1. In his *pro se* application, Perez challenges his conviction for second-degree murder, MICH. COMP. LAWS § 750.317. He also challenges his sentence as a second felony habitual offender under MICH. COMP. LAWS § 769.10. For the reasons stated below, the petition for a writ of habeas corpus is **DENIED [1]**.

---

[1] The Court amends the case caption to reflect the current warden of the correctional facility where Petitioner is being housed.

## II. Background

Petitioner was convicted following a jury trial in the Genesee County Circuit Court. This Court "refers verbatim to the relevant facts relied upon by the Michigan Court of Appeals, facts which are presumed correct on habeas review." *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009) (citing 28 U.S.C. § 2254(e)(1)).

> This case arises from the murder of Angela Vance in the home she shared with defendant in Flint. At trial, the prosecution sought, under MCL 768.27b, to introduce evidence of two prior incidents of domestic violence by defendant against Vance. Defense counsel objected and also moved to suppress statements that defendant made to a sheriff's deputy at the scene of the murder. The trial court admitted tapes of 911 calls concerning the previous incidents of domestic abuse, admitted the testimony of the police officers who responded to the previous incidents, and denied defendant's motion to suppress the challenged statements.

*People v. Perez*, No. 321016, 2015 WL 4599503, at *1 (Mich. Ct. App. July 30, 2015) (per curiam).

The Michigan Court of Appeals affirmed Petitioner's conviction. *Id.*, *lv. den.* 499 Mich. 858, 873 N.W.2d 580 (2016).

And in this Court, Perez seeks habeas relief on the following grounds:

I.  The trial court abused its discretion in admitting inflammatory evidence of prior assaults.

II. The trial court reversibly erred in denying the defense motion [sic] to suppress defendant-appellant's statements

2

in response to questioning after he was taken into custody before he was advised of his *Miranda* rights.

Dkt. No. 1, p. 3 (Pg. ID 3).

## III. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996, imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable application" occurs when "a state court-decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the

writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Therefore, to obtain habeas relief in federal court, state prisoners must show that a state court's rejection of their claims "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. A habeas petitioner should be denied relief as long as it is within the "realm of possibility that a fairminded jurist" could find the state court decision to be reasonable. *See Woods v. Etherton*, 136 S. Ct. 1149, 1152 (2016).

## IV. Discussion

### A. Claim #1. Prior Bad Acts Evidence

Citing Michigan Rule of Evidence 403, Petitioner alleges that the trial court abused its discretion in allowing the prosecutor to introduce evidence of Petitioner's prior domestic assaults of the victim. Perez alleges that the court erred because the prosecution merely used the evidence to show his propensity to

commit the charged offenses.[2] The evidence of prior acts of domestic violence was admitted under M.C.L. 768.27b, which authorizes the admission of evidence which demonstrates that a defendant has the propensity to commit crimes of domestic violence.

Perez's claim lacks merit. Indeed, it is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). "In conducting habeas review," the Supreme Court wrote, "a federal court is limited to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States." *Id.* at 68. Thus, "[e]rrors in the application of state law, especially rulings regarding the admissibility or exclusion of evidence, are usually not to be questioned in a federal habeas corpus proceeding." *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (internal quotation marks omitted) (quoting *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988)).

Petitioner's claim—that the state court violated Michigan Rule of Evidence 404 or any other provision of state law by admitting evidence of his prior acts of domestic violence against the victim—is non-cognizable on habeas review. *See Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007); *Estelle*, 502 U.S. at 72

---

[2] Petitioner cites Michigan Rule of Evidence 403, but the proper rule is Michigan

(observing that, on habeas review, the Court could not reverse a state court conviction on the grounds that the state trial judge erred in ruling that prior injury evidence was admissible as bad acts evidence under state law); *see also Dowling v. United States*, 493 U.S. 342, 349–50 (1990) (concluding there was no violation of due process where a court admitted, as "similar acts" evidence, defendant's involvement in a burglary, although the defendant had been acquitted of participating in this burglary).

The admission of this "prior bad acts" or "other acts" evidence against Petitioner at his state trial does not entitle him to habeas relief. No clearly established Supreme Court precedent holds that a state court violates a habeas petitioner's due process rights by admitting propensity evidence in the form of prior bad acts evidence. *See Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). Therefore, the Michigan Court of Appeals' rejection of Petitioner's claim was not an unreasonable application of clearly established federal law. *See Wright v. Van Patten*, 552 U.S. 120, 126 (2008) ("Because our cases give no clear answer to the question presented, let alone one in [defendant's] favor, 'it cannot be said that the state court unreasonabl[y] appli[ed] clearly established Federal law.' " (second and third alterations in original) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006))).

---

Rule of Evidence 404(b), which prohibits the use of propensity evidence.

To the extent Perez contends that evidence of prior domestic assaults should have been excluded under Michigan Rule of Evidence 403, he is not entitled to habeas relief. The Sixth Circuit observed that "[t]he Supreme Court has never held (except *perhaps* within the capital sentencing context) that a state trial court's admission of *relevant* evidence, no matter how prejudicial, amounted to a violation of due process." *Blackmon v. Booker*, 696 F.3d 536, 551 (6th Cir. 2012) (citations omitted).

In light of the above, Perez is not entitled to relief on his first claim.

B.  Claim #2.  Admission of Petitioner's pre-*Miranda* Statement

Perez next maintains that the trial court erred in denying trial counsel's motion to suppress statements made to Genesee County Sheriff's Deputy Nicholas Preece. According to Perez, he was subject to custodial interrogation without being given his *Miranda* rights. This claim, too, is unavailing.

Defendants' waiver of their *Miranda* rights is considered valid if it is voluntary, knowing, and intelligent. *Miranda v. Arizona*, 384 U.S. 436, 444, 475 (1966). "[C]oercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment." *Colorado v. Connelly*, 479 U.S. 157, 167, 169–70 (1986). A defendant's deficient mental condition, standing alone, is insufficient to

render a waiver involuntary. *Id.* at 164–65. "[W]hile mental condition is surely relevant to an individual's susceptibility to police coercion, mere examination of the confessant's state of mind can never conclude the due process inquiry." *Id.* at 165.

The trial court record reveals that Perez was not subjected to custodial interrogation by the police when he made the relevant statements at his home. Rather, he voluntarily and spontaneously made these statements to the police. Perez "agreed and voluntarily followed Preece to his squad car." *See Perez*, 2015 WL 4599503, at *4. Preece told Petitioner that he was not under arrest. *See id.* And during their discussion, "[Perez] admitted to Preece that he had argued with Vance, that she had hit him, and that 'he had lost it and began to choke her until she went limp.' " *Id.* Preece then ended the discussion with Perez, recognizing that Perez was now a suspect. *Id.*

Perez's claim is unpersuasive because "where a defendant makes a voluntary statement without being questioned or pressured by an interrogator, the statements are admissible despite the absence of *Miranda* warnings." *United States v. Murphy*, 107 F.3d 1199, 1204 (6th Cir. 1997) (internal citation omitted); *see also Terry v. Bock*, 208 F. Supp. 2d 780, 789 (E.D. Mich. 2002). "It has been settled that a volunteered statement made by a suspect, not in response to interrogation, is

8

not barred by the Fifth Amendment and is admissible with or without the giving of *Miranda* warnings." *United States v. Thornton*, 17 F. Supp. 2d 686, 693 (E.D. Mich. 1998) (citing *State v. Williams*, 535 N.W.2d 277, 289 (Minn. 1995)). Because Perez told Preece—without being questioned or pressured—that he choked the victim, Perez is not entitled to habeas relief on his *Miranda* claim. *See id.*

Petitioner has also failed to show that he was in police custody when, while at his home, he made the incriminating statements to the police. Indeed, "police officers are not required to administer Miranda warnings to everyone whom they question. Nor is the requirement of warnings to be imposed simply because the questioning takes place in the station house, or because the questioned person is one whom the police suspect." *Oregon v. Mathiason*, 429 U.S. 492, 495 (1977). Instead, "*Miranda* warnings are required only where there has been such a restriction on a person's freedom as to render him or her 'in custody.' " *Id.* "Custody," for *Miranda* purposes, "requires a significant deprivation of freedom." *Mason v. Mitchell*, 320 F.3d 604, 632 (6th Cir. 2003).

"Two discrete inquiries are essential to the determination: first, what were the circumstances surrounding the interrogation; and second, given those circumstances, would a reasonable person have felt he or she was not at liberty to

terminate the interrogation and leave." *Thompson v. Keohane*, 516 U.S. 99, 112 (1995). And questioning that occurs at a criminal defendant's home "generally does not present a coercive environment." *United States v. Hinojosa*, 606 F.3d 875, 883 (6th Cir. 2010) (citing *United States v. Panak*, 552 F.3d 462, 467 (6th Cir. 2009); *United States v. Salvo*, 133 F.3d 943, 950 (6th Cir. 1998)).

Courts analyze whether a person is in custody in their home based on the following considerations:

> (1) the purpose of the questioning; (2) whether the place of the questioning was hostile or coercive; (3) the length of the questioning; and (4) other indicia of custody such as whether the suspect was informed at the time that the questioning was voluntary or that the suspect was free to leave or to request the officers to do so; whether the suspect possessed unrestrained freedom of movement during questioning; and whether the suspect initiated contact with the police or voluntarily admitted the officers to the residence and acquiesced to their requests to answer some questions.

*Salvo*, 133 F.3d at 950.

Petitioner's statements to Preece at his home, as mentioned above, were not made in response to police questioning. Perez was not placed under arrest and his freedom of movement was not hindered. Accordingly, Preece was under no obligation to advise Perez of his *Miranda* rights. Under the circumstances, the Michigan courts reasonably determined that Petitioner was not in custody at the time that he made the statements to the police. Thus, the absence of *Miranda*

warnings do not require the suppression of these statements.

Finally, the admission of Petitioner's statements to Preece was harmless error at worst. The admission of evidence obtained from a suspect in violation of *Miranda* "is harmful if it has a 'substantial and injurious effect or influence in determining the jury's verdict.'" *Kyger v. Carlton*, 146 F.3d 374, 381–82 (6th Cir. 1998) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)). In light of the additional evidence in this case, including Petitioner's prior acts of domestic violence against the victim and the testimony at trial, Petitioner's non-Mirandized statements do not meet this standard. *Id.* Perez, therefore, is not entitled to relief on his second claim.

## V. Conclusion

The Court will DENY the petition for a writ of habeas corpus [1]. The Court will also deny a certificate of appealability. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). And to demonstrate a denial, the applicant must "show[] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotation

marks and citations omitted). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULES GOVERNING § 2254 CASES, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated herein, the Court will deny Petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of his claims to be debatable or wrong. *Johnson v. Smith*, 219 F. Supp. 2d 871, 885 (E.D. Mich. 2002).

The Court will also deny Petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

## VI. ORDER

Based on the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to

12

appeal *in forma pauperis*.

Dated: July 5, 2018  /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 5, 2018, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk