UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACOB M. PEREZ,

    Petitioner,

v.

CONNIE HORTON,[1]

    Respondent,
_____/

Case No. 16-cv-11234

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION AND DIRECTING CLERK OF COURT TO TRANSFER MOTION FOR CERTIFICATE OF APPEALABILITY [DKT. #13] AND APPLICATIONS TO PROCEED WITHOUT PREPAYING FEES AND COSTS ON APPEAL [DKT. ## 16, 17] TO THE UNITED STATES SIXTH CIRCUIT COURT OF APPEALS**

**I.    Introduction**

On July 5, 2018, this Court denied Petitioner Jacob Perez's application for a writ of habeas corpus and further denied him a certificate of appealability or leave to appeal *in forma pauperis*, or without prepayment of fees and costs. *Perez v. Horton*, Case No. 2:16-CV-11234, 2018 WL 3304688 (E.D. Mich. July 5, 2018).

Petitioner has now filed a motion for a certificate of appealability and two applications to proceed without prepaying fees and costs on appeal, which this

---

[1]    The Court amends the case caption to reflect the current warden of the correctional facility where Petitioner is housed.

Court will treat in part as a motion for reconsideration of the Court's decision to deny Petitioner a certificate of appealability or leave to appeal *in forma pauperis*. Petitioner has also filed a Notice of Appeal. *See* Dkt. No. 14.

For the reasons that follow, the Court denies Petitioner's motion for reconsideration [13]. The Court orders that Petitioner's motion for a certificate of appealability and applications to proceed without prepaying fees and costs on appeal be transferred to the United States Sixth Circuit Court of Appeals.

**II. Discussion**

The Court will deny the motion for reconsideration. Under Eastern District of Michigan Rule 7.1(h), a party may file a motion for reconsideration. But "[m]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted." *Whitehouse Condo. Grp., LLC v. Cincinnati Ins. Co.*, 959 F. Supp. 2d 1024, 1031 (E.D. Mich. 2013) (internal quotation marks omitted) (quoting E.D. Mich. L.R. 7.1(h)(3)). On the other hand, a "[motion for reconsideration] should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such palpable defect." *See MCI Telecomms. Corp. v. Mich. Bell Tel. Co.*, 79 F. Supp. 2d 768, 797 (E.D. Mich. 1999).

This Court previously denied Petitioner a certificate of appealability when it denied the petition for a writ of habeas corpus. *See* Dkt. No. 11. The Court thus construes Petitioner's motion for a certificate of appealability as a motion for reconsideration of the Court's denial of a certificate of appealability. *See, e.g.*, *Jackson v. Crosby*, 437 F.3d 1290, 1294 n.5 (11th Cir. 2006). Likewise, because this Court previously denied petitioner leave to appeal *in forma pauperis*, the Court understands Petitioner's applications to proceed without prepaying fees and costs on appeal as a motion for reconsideration of the Court's order denying him leave to appeal *in forma pauperis*.

Petitioner's motion for reconsideration lacks merit because he merely presents issues which the Court already ruled upon, either expressly or by reasonable implication. Specifically, the Court rejected these arguments when it denied the petition for a writ of habeas corpus and declined to issue a certificate of appealability or leave to appeal *in forma pauperis*. *See Hence v. Smith*, 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999); *see also Whitehouse Condo. Grp., LLC*, 959 F. Supp. 2d at 1031.

"The proper procedure when a district court denies a certificate of appealability is for the petitioner to file a motion for a certificate of appealability before the appellate court in the appeal from the judgment denying the [motion for

habeas corpus]." *See Sims v. United States*, 244 F.3d 509, 509 (6th Cir. 2001) (citing FED. R. APP. P. 22(b)(1)). Petitioner should direct his request for a certificate of appealability to the Sixth Circuit. The Court, in the interests of justice, will order that Petitioner's motion for a certificate of appealability be transferred to the Sixth Circuit.

The Court will also order the Clerk of the Court to transfer Petitioner's applications to proceed without prepayment of fees and costs on appeal to the Sixth Circuit. "It is well settled that the filing of a notice of appeal transfers jurisdiction over the merits of the appeal to the appellate court." *Workman v. Tate*, 958 F.2d 164, 167 (6th Cir. 1992) (citations omitted) (collecting cases). Petitioner's notice of appeal, therefore, divests this Court of jurisdiction to consider his request for permission to proceed *in forma pauperis* in the Sixth Circuit. Because jurisdiction of this action transitioned from this Court to the Sixth Circuit upon the filing of the notice of appeal, Petitioner's applications are more appropriately addressed to the Sixth Circuit.

**IT IS HEREBY ORDERED** that:

(1) The motion for a reconsideration is **DENIED.**

(2) The Clerk of the Court is **ORDERED** to transfer the Motion for Certificate of Appealability (Dkt. #13)] and the Applications to Proceed Without Prepaying Fees and Costs on Appeal (Dkt. ##16, 17] to the Sixth Circuit pursuant to 28 U.S.C. § 1631.

Dated: August 7, 2018                               /s/Gershwin A. Drain
                                                   GERSHWIN A. DRAIN
                                                   United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 7, 2018, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk